IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SAMUEL STERLING<br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>*Defendant*. | Civil No. ELH-15-1386<br>Related Crim. No.:  ELH-12-0390 |

**MEMORANDUM**

On July 18, 2012, Samuel Sterling was charged in a one-count indictment with the offense of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). ECF 1.  Sterling entered a plea of guilty on December 17, 2012 (ECF 21), and on May 6, 2013, he was sentenced to 180 months imprisonment.  ECF 28.  Judgment was entered on May 7, 2013.  ECF 29; *see also* ECF 30.  Approximately two years later, on May 15, 2015, Sterling filed a pro se motion to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255 ("Motion"). ECF 31.  He supplemented his submission on May 26, 2015.  ECF 33.

The government opposes the Motion.  ECF 34.  It urges dismissal of the Motion on the ground that it was untimely filed.

Under 28 U.S.C. § 2255(b), a hearing is required "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ."  This is such a case; no hearing is necessary.

**Discussion**

In his "Ground One," Sterling asserts that the judgment of conviction is void.  ECF 31 at 2.  He cites Art. 1, § 9, Clause 2 of the United States Constitution; the Tenth Amendment; the Sixth Amendment; as well as Art. 3, § 2, Clause 3 of the Constitution.

In Ground Two, Sterling claims a "deprivation of unalienable Rights." ECF 31 at 3. Among other provisions, he cites the Ninth Amendment to the United States Constitution.

In his third ground, Sterling asserts: "Illegal seizure of person." ECF 31 at 4. For this claim, he relies on Art. IV of the Constitution.

Ground Four asserts a claim of "ineffective assistant [sic] of counsel." ECF 31 at 4.

Sterling also complains that he was not provided with a probable cause hearing for any charges. ECF 31 at 2. Moreover, he denies that he committed a federal offense, and seems to suggest that he should have been charged by the State. *Id.*

On these grounds, Sterling asks the Court to vacate his conviction, set aside the sentence, dismiss the indictment, and "allow him to rescind his signature from the plea agreement -- due to fraud, trickery and deception -- by the parties and counsel." ECF 31 at 5.

Under 28 U.S.C. § 2255(f), a motion must be filed within one year. It states: "A 1-year period of limitation shall apply to a motion under this section." Pursuant to 28 U.S.C. § 2255(f), the limitations period for the filing of a petition under § 2255 runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Only the first provision is implicated here. Upon expiration of the time for filing a Notice of Appeal, Sterling's conviction became final and the limitations period set forth at 28 U.S.C. § 2255(f)(1) began to run. *United States v. Clay*, 537 U.S. 522 (2003); *United States v.*

*Wilson*, 256 F.3d 217, 221 (4th Cir. 2001). Sterling's time for filing a Notice of Appeal expired fourteen days after entry of the Judgment. Fed. R. App. P. 4(b)(1)(A). In this case, the Judgment of Conviction was entered on May 7, 2013. *See* ECF 29. Therefore, the deadline for noting an appeal was May 21, 2013. No appeal was filed. As a result, the conviction was final on that date. Therefore, under § 2255(f)(1), Sterling was required to file a motion to vacate on or before May 21, 2014.

Sterling did not file his Petition until May 15, 2015, almost a year after expiration of the limitations period. ECF 31. Notably, he has not alleged any justification for his belated filing, nor has he set forth any grounds to warrant equitable tolling.

The Petition is time barred. Therefore, it shall be dismissed. A certificate of appealability shall not issue.

An Order follows.

Date:  October 6, 2015                                      /s/
                                                     Ellen L. Hollander
                                                     United States District Judge