

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
<u>NORTHERN DIVISION</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | Fed. Crim. No. #<u>1:12-cr-00390-ELH-1</u> |
| | : | |
| | * | (RELATED STATE CASE: <u>STATE OF</u> |
| | : | <u>MARYLAND V. SAMUEL STERLING</u>, CIR. |
| V. | * | NO. #112115033; 1B02169126). |
| | : | |
| | * | |
| | : | |
| SAMUEL STERLING | ********** | |

MOTION FOR ISSUANCE OF SUBPOENA
FOR IN CAMERA REVIEW OF "ANY AND ALL INFORMATION" RELATING TO
THE DUAL PROSECUTION AGREEMENT BETWEEN THE UNITED STATES ATTORNEY'S
OFFICE AND BALTIMORE CITY STATE'S ATTORNEY'S OFFICE THAT IS PART OF
<u>PROJECT EXILE OR BALTIMORE EXILE PROGRAM</u>

Samuel Sterling, acting pro se, respectfully submits this motion for the issuance of a subpoena for in camera review by this Court of the following:

> e-mail or other writings regarding or comprising the Memorandum/
> Memoranda of Understanding between the Federal government and
> the State's Attorney's Office for Baltimore City Maryland; the
> record of any Federal funding used to hire, train and staff
> State prosecutors as part of Project (or Baltimore) Exile;
> training materials provided to State Project Coordinators for
> the Project (or Baltimore) Exile initiatives; Memorandum or
> Project Guidelines authorizing or delegating powers to State
> prosecutors to dispose of potential Federal cases as part of
> Project (or Baltimore) Exile; Reports or summaries
> distinguishing between cases resolved by plea in State Court
> and those referred for prosecution in Federal Court from
> 2012-2013.

The purpose of this review is to discover material which should be disclosed under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Giglio</u>, 405 U.S.150 (1972). In support of this motion, the following is asserted:

(1) Samuel Sterling ("Sterling") was initially charged with several Handgun and Narcotics offenses in violation of Maryland State Law.

(2) After Sterling's case was referred for Federal prosecution by the State's Attorney's Office for Baltimore City (State of Maryland v. Samuel Sterling, Cir. Case No. #112115033; 1B02169126), Sterling was charged in a three-count Federal indictment in the United States District Court in Baltimore Maryland. 1/

(3) During the Federal District Court proceedings, Sterling was curious as to how his case was transferred from State to Federal Court and relied on his defense counsel to discover such.

(4) After defense counsel advised Sterling of the alternatives and disadvantages, Sterling accepted the United State's Attorney's plea proposal, upon being informed that it was his best option, which he was sentenced to a term of (180) months imprisonment. Id. EFC at 29.

(5) After Sterling was sentenced, he began attending the institutional Law Library to study case (criminal/civil) law which he discovered that there were several "Project Exile" and "Project Safe Neighborhoods" programs that were (or was) at issue due to how those cases were transferred from State to Federal Court and the program's criteria. See United States v. Jones, 36 F. Supp. 2d 304 (E.D.Va. 1999); United States v. Saunders, 2009 U.S. Dist LEXIS 4456 (D.Md. 2009); United States v Venable, 2012 U.S. App. LEXIS (4th Cir. 2012); Larry Johnson v. United States, 2013 U.S. Dist. LEXIS 109223 (D.Md. 2013); 2/ see also United States v. Mitchell, 111 Fed. Appx. 826 (6th Cir. 2004) United States v. Nixon, 318 F. Supp. 2d 867 (E.D.Mich. May 19, 2004); United States v. Morris, F. 3d 596 (6th Cir. 2006); United States v. McConer, 530 F. 3d 484, 489-91, 494-95 (6th Cir. 2008). Those cases further raised Sterling's curiosity as to how his case was transferred from State to Federal Court and whether the U.S. Attorney's Office and Baltimore City State's Attorney's Office had any prior contract agreements to adhere to which Sterling, his States and Fedearl defense counsels as well as the Federal and State Courts were not aware of.

(6) Due to his curiosity, Sterling filed a FOIA (Freedom of Information Act) request to the U.S. Department of Justice's Executive Office for the United States Attorneys, requesting for the Project Exile's Criteria Mandate (to discover what is required of State and Federal prosecutors when determining whether to indict federally or decline federal prosecution), which was then forwarded to Sterling on December 3, 2014. See Exh. 1.

---

FN: 1    The charges in State Court (for the same incident) was nolle prosequi at the State's request.

FN: 2    After Johnson file a Rule 60(b) Motion regarding Project Exile and denial of his §2255 Motion which were denied on procedural grounds, the Fourth Circuit granted Johnson's C.O.A. Motion, vacating the District Court's decision and remanding back for further proceeding. See United States v. Johnson, 621 Fed. Appx. 249; 2015 U.S. App. LEXIS 19330 (4th Cir. 2015).

(7) Upon review of the Criteria Mandate, Sterling noticed that prosecutors are required to present enforceable promises to defendants and their attorneys (in State Court prior to any Federal indictment), then determine whether or not to indict federally. See Exh. 1, ¶-3-7, sect. (1)(a)-(d). Sterling also noticed in another document from the U.S. Attorney's Office, states in pertinent part,"Monday May 6, 2013; Armed Career Criminal Exiled to 15 years in prison." See Exh. 2, ¶-2, para. 3. Sterling was classified as an Armed Career Criminal and sentenced to 180 months (15 years) on May 6, 2013. See ECF. 28-29.

(8) Seventeen years ago the United States District Court for the Eastern District of Virginia, which is one of the District Courts located within the Fourth Circuit, stated in its opinion in United States v. Jones, (1999), that it recognizes the inherent risk of constitutional violations engendered by the absence of any institutional review of Project Exile diversion to Federal Court. Id. 36 F. Supp. 2d at 312. At this time, there is any information nor case law reflecting that this Court nor any Court within the Fourth Circuit boundaries, conducted any institutional or in camera review of undisputed material of how the State and Federal governments administers Project (or Baltimore) Exile, its rationale, its workings, and criteria employed for accepting and prosecuting cases under the program. However, the United States District Court for the Eastern District of Michigan took that approach regarding Project Safe Neighborhoods program, in United States v. Nixon, 315 F. Supp. 2d 876 3/ (April 23, 2004); see also Nixon, 318 F. Supp. 2d 525 (May 19, 2004).

(9) On June 21, 2014, Baltimore Sun Newspaper reporter (Ian Duncan) reported (upon communicating with top Maryland U.S. Attorney Rod J. Rosenstein) "Federal prosecutors in Maryland have made aggressive use of gun laws and sentencing rules to lock away violent offenders in partnership with State authorities under a Project called Exile. About 200 defendants a year from Baltimore alone are charged under the program. See Exh. 3, ¶-1, para. 9.

(10) It is important for this Court's notice that, while Project Exile is a national initiative spearheaded by the U.S. Department of Justice and administered locally by United States Attorneys, and the Justice Department have a Criteria Mandate in place for prosecutors to

---

FN: 3    In Nixon, the Court stated "my own research... indicated that under a "gun case referral agreement," more than 300 cases had been referred for Federal prosecution in the Eastern District of Michigan, presumably after defendants declined a plea in State Court. There were also materials stating that in some cases, Federal funds under the program were being used to hire State prosecutors to handle cases under the Project Safe Neighborhoods rubric, and in others, teams of Federal and State prosecutors were cooperatively preparing the cases and together selecting the forum in which each case should be brought. Id. 315 F. Supp. 2d at 879, FN: 1.

follow when operating under the program, there is a unnoticed conflict between the U.S. Department of Justices Criteria Mandate and a prior opinion in this Court that was based on outlining of Project Exile by Assistant United States Attorney Jason Weinstein, submitted in his declaration to this Court. See <u>Saunders</u>, 2009 U.S. Dist. LEXIS 4456 (2009). Specifically, this Court stated, in pertinent part, "in some minority of the cases (approximately 35-40%), the U.S. Attorney's Office sends a "FLIP" letter (Federal Letter of Intent to Prosecute) advising the defendant that if his case is not resolved in a manner satisfactory to State prosecutors by a certain date, Federal prosecution will proceed. In the exercise of the U.S. Attorney's discretion, Mr. Saunders did not fall within that 35-40%, in part because he was believed to be an Armed Career Criminal under 18 U.S.C §924(e)." <u>4/</u> Id.

    However, the U.S. Justice Department (whom spearheads the program and allow U.S. Attorneys to administer it locally) have a Criteria Mandate for prosecutors to adhere to when operating under the program. See Exh. <u>1</u>. In pertinent part, it states: Felon-in-possession cases [defendants with two or more prior felony convictions for crimes of violence or drug-trafficking offenses]" <u>The SAO will communicate the USAO's intentions to the defendant and his counsel.</u>" <u>5/</u> See Exh. <u>1</u>, ¶: 3-4, sect. (1)(a). Defendants who classify as Career and/or Armed Career Criminals fall under section (1)(a). Therefore, when prosecutors operate under Project Exile in a particular case, because of the mandate established for prosecutors to adhere to, prosecutors cannot exercise the discretion erroneously used in <u>Saunders</u> and, according to the mandate, it should be 100%, not 35-40%, of defendants informed. See Exh. <u>1</u>, ¶: 3-7, sect. (1)(a)-(d).

    (11) The conduct of State and Federal prosecutors, as well as the State and Federal defense counsels is now 'and will be' an issue at any proceedings or motions regarding Project (or Baltimore) Exile.

    (12) Sterling seeks a mechanism which will ensure the Project (or Baltimore) Exile files examined for discoverable material under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Giglio</u>, 405 U.S. 150 (1972), including any documents which undermine the credibility of the prosecutors or show that they contrived information

---

FN: 4    The <u>Saunders</u> Court also stated: " in this case, there is no evidence that the Federal prosecutors participated in the State plea bargaining process in any way, nor that the operation <u>Exile Program</u> mandates such participation." Id. However, Sterling has provided undisputed material revealing <u>Project Exile</u> does mandates such participation. See Exh. <u>1</u>.

---

FN:5    Section (1)(b) (Defendants with one prior felony conviction for a crime of violence or Drug-Trafficking Offense); (1)(c) (Defendants with two or more prior convictions for other offenses); (1)(d) (Defendants with one prior conviction for other offenses) all states same. Id. Sterling also noticed in the mandate that SAO (State's Attorney's Office) and the USAO (United State's Attorney's Office) are to communicate with judges about the goals and initiatives of Baltimore Exile. Id. Exh. <u>1</u>, ¶-7, no, 3 (communication with bench).

or evidence in order to avoid the State Court from determining whether the State's request for nolle prosequi was in bad faith, to gain a Federal indictment and avoid the Federal Grand Jury and Court from reviewing whether the procedures were followed to determine whether or not to grant and uphold the Federal indictment, increased plea proposal and sentence.

(13) What petitioner is seeking are records reflecting dishonesty, lack of candor, misconduct, inaccurate and/or misrepresentations, fraud on State and Federal Courts, intentional failure/refusal to adhere to U.S. Department of Justice and/or any other acts which would reflect defects in the integrity of any State or Federal plea proceedings and miscarriage of justice.

(14) Accordingly, petitioner request that this Court issue a subpoena under Federal Rule of Criminal Procedure 17(c) for the production of any and all information relative to the dual prosecution between the U.S. Attorney's Office and Baltimore City State's Attorney's Office that is part of Project (or Baltimore) Exile and any other information regarding the program currently in the possession of the Baltimore U.S. Attorney's Office, State's Attorney's Office for Baltimore City, and U.S. Department of Justice's Executive Office for Attorneys. These documents should be produced to the Clerk's Office so this Court can conduct an in camera review of them to determine if they contain <u>Brady</u> or <u>Giglio</u>, material, including the type of material referred to in paragraph 13.

In view of the foregoing, petitioner, Pro Se, ask for a subpoena directing the Baltimore U.S. Attorney's Office and State's Attorney's Office for Baltimore to produce the following:

> e-mails or other writings or comprising the Memorandum/
> Memoranda of Understanding between the Federal Government
> and State's Attorney's Office for Baltimore City Maryland;
> the record of any Federal funding used to hire, train and
> staff State prosecutors as part of Project (or Baltimore)
> Exile; training materials provided to State Project
> Coordinators for the Project (or Baltimore) Exile initiatives;
> memorandum or Project guidelines authorizing or delegating
> powers to State prosecutors to dispose of potential Federal
> cases as part of Project (or Baltimore) Exile; Reports or
> summaries regarding Federal oversight of Project (or Baltimore)
> Exile; and statistics distinguishing between cases resolved
> by plea in State Court and referred for prosecution in
> Federal Court from 2012-2013...

(15) Sterling has been found to be indigent and the Office of the Federal Defender was previously appointed to, and represented him under the Criminal Justice Act, during the District Court proceedings. As a result, Sterling requests that any subpoena issued at the expense of the United States Government and that an investigator from the U.S. Marshal's Office Service or Office of the Federal Public Defender shall be authorized to serve the subpoena.

    (16) If a subpoena is issued, the documents should be made returnable to the Clerk's Office for the United States District Court for the District of Maryland, Northern Division.


Date: __June__ , _13_ , 2016        Respectfully submitted,

                                                Samuel Sterling #34181-037

## CERTIFICATE OF SERVICE

I, Samuel Sterling, petitioner, hereby certify, that on this 13 day of June 2016, that a true copy of the foregoing MOTION FOR ISSUANCE OF SUBPOENA FOR IN CAMERA REVIEW OF ANY AND ALL INFORMATION RELATING TO THE DUAL PROSECUTION AGREEMENT BETWEEN THE UNITED STATES ATTORNEY'S OFFICE AND STATE'S ATTORNEY'S OFFICE FOR BALTIMORE CITY THAT IS PART OF PROJECT (or Baltimore) EXILE PROGRAM, was mailed via first-class U.S. Postage to the United States Attorney's Office, 36 S. Charles Street, 4th Floor, Baltimore Md. 21201, and State's Attorney's Office for Baltimore City, 120 E. Baltimore Street, 8th Floor, Baltimore Md. 21202.

/s/ Samuel Sterling 34181-037

Samuel Sterling #34181-037
FCI GILMER
P.O. Box 6000
Glenville, WV. 26351