www.baltimoresun.com/news/maryland/sun-investigates/bs-md-federal-sentence-challenges-20140621,0,2222123.story

# baltimoresun.com

## Sentences challenged for Maryland prisoners deemed to have violent pasts

### Supreme Court ruling triggers wide-ranging review in dozens of cases

By Ian Duncan, The Baltimore Sun

4:50 PM EDT, June 21, 2014

A little-noticed and highly technical Supreme Court decision is opening the way for dozens of federal inmates from Maryland to seek reduced sentences — even though trial judges found they had violent criminal pasts.

For some, the high court decision has already meant that sentences of 15 years and more have been cut substantially. One inmate, for example, saw his sentence reduced from 15 years to about six years; he was released in February.

The legal challenges are the latest turn in an ongoing debate over the fairness of long federal prison sentences — a weapon frequently used in Baltimore to combat crime. Authorities and prisoner advocates are locked in a fresh debate over the consequences of the Supreme Court ruling, which has triggered a re-examination of years-old cases.

Prosecutors, including Maryland U.S. Attorney Rod J. Rosenstein, said lengthy sentences are necessary to rid the streets of violent offenders who continue to carry guns or commit other crimes. "Defendants who indisputably committed violent crimes will get a break as result of this opinion," he said.

But advocates for the inmates say such sentences, which take certain previous convictions into account, are used indiscriminately and undermine the judiciary's role in crafting fair punishments.

"The petitions I've filed are going to undo the unjust incarceration of lots of people who should never have gotten these mandatory sentences," said Paresh S. Patel, an appeals attorney at the federal public defender's office. The office has filed challenges on behalf of 55 inmates and plans to pursue 13 more.

The petitions follow a 2013 Supreme Court decision that tweaked the way federal judges evaluate a defendant's criminal history when setting sentences in certain cases. Subsequent lower court decisions opened the way to the wave of challenges in Maryland.

The process shares some similarities to a blow to life sentences handed down in Maryland courts before 1980. A 2012 decision from Maryland's top court, known as the Unger ruling, called the validity of those convictions into question and led to dozens of inmates being released. Some of the cases triggered by the ruling are still working their way through the court system.

Federal prosecutors in Maryland have made aggressive use of gun laws and sentencing rules to lock away violent offenders in partnership with state authorities under a project called Exile. About 200 defendants a year from Baltimore alone are charged under the program.

Rosenstein said the new challenges differ from other recent moves to soften federal sentences — such as changes to sentencing rules and a mass clemency program — that are designed to benefit criminals not convicted of violent crimes.

"These are dangerous repeat offenders who committed serious crimes that most people would consider violent," he said. "Most of them carried guns, and some used them. Some of them will carry guns and use them again when they get back to Baltimore."

Among the inmates already resentenced is Steven Crockett Sr., whom prosecutors once held up as an example illustrating the value of enhanced sentences for repeat offenders.

Crockett was convicted in 2009 of being a felon in possession of a firearm after already having convictions for two rapes, two assaults and a drug offense, according to court records. He was arrested with the gun, according to prosecutors, after trying to grab a 19-year-old woman who had just gotten off a bus in Baltimore.

At the sentencing hearing, Judge Andre M. Davis said that, while some federal gun cases were troubling to him, Crockett was deserving of a 17 1/2-year prison term.

"Sir, you are a predator," Davis said, according to a transcript. "You are a clear and present danger to this community, sir."

But after the Supreme Court ruling, another judge cut the term to 10 years. The reason behind the sentence reduction is one that Justice Samuel A. Alito, the lone dissenter in the 8-1 decision, called "highly technical."

### Defining 'violent'

A Reagan-era federal law called the Armed Career Criminal Act turns the 10-year maximum penalty for a felon like Crockett possessing a gun or ammunition into a 15-year minimum for anyone previously convicted of three or more "violent felonies" or "serious drug offenses."

But determining which state laws should be included in those categories has continually vexed the courts. The Supreme Court case dealt with California's burglary statute, which covers everything from shoplifting to a violent break-in.

Federal judges had previously looked at the details of some prior convictions to determine whether an offender should be considered violent. That happened in Crockett's case, and his attorney argued that the available records did not qualify his client for the 15-year minimum sentence.

Davis rejected that argument, finding that one of the rapes and one of the assaults counted as violent felonies, and along with a drug conviction, that qualified him for the longer sentence.

Rosenstein said that procedure made sense, giving judges the ability to consider the facts of old cases as his office does when deciding whether to bring charges. "We know for a fact that a lot of these second-degree assault pleas are very serious and violent crimes."

But the Supreme Court said that approach by judges is unreliable.

"The meaning of those documents will often be uncertain," Justice Elena Kagan wrote for the majority. "And the statements of fact in them may be downright wrong."

Instead, Kagan wrote, sentencing judges should only consider whether the barest elements of the crime — those that prosecutors must prove beyond a reasonable doubt — make the offense necessarily violent. According to the high court, California's burglary law did not qualify.

Neither did Maryland's second-degree assault statute, which covers everything from unwanted touching to a violent beating, the 4th U.S. Circuit Court of Appeals ruled later.

In the aftermath of that ruling, at least one inmate convicted in Maryland, Ronald Hamby, has already been released. Despite some violence in his past, his case stands in contrast to that of Crockett.

He was convicted on a federal gun charge in 2007 and, because he had three prior second-degree assaults on his record, received a 15-year sentence.

Judge William D. Quarles Jr. said at Hamby's sentencing that he regretted the term he had to impose. He added, "Mr. Hamby, sentencing is never a pleasure for a judge, and there are some things that make it considerably less pleasant, such as sending a 26-year-old person away for 15 years."

Attorney Joseph L. Evans, who defended Hamby at trial, said in a recent interview that his client was not the kind of person the law was intended to target.

Evans said the assaults "weren't stranger-on-stranger incidents. It wasn't like some sort of gang activity, or drug-related activity. It was youngish guys acting out in stupid ways that violated the law."

After the Supreme Court ruling, Hamby challenged his 15-year sentence and was resentenced to the time he had already served in prison plus two weeks. He was released from federal custody in February.

Patel said the federal public defender's office is seeking to revise sentences in gun cases as well as others in which defendants were marked as career offenders.

While all the cases in dispute differ, Rosenstein said his office faces a difficult time upholding the long prison terms it originally secured.

He called new interpretations of sentencing laws "one-way ratchets in favor of the defendants." Had prosecutors known the sentences were vulnerable, Rosenstein said, they might have used a different strategy — pursuing a different combination of charges, for example — to obtain a similar outcome.

Mary Price, general counsel of the advocacy group Families Against Mandatory Minimums, said that is one of the benefits of the Supreme Court ruling.

Rather than letting prosecutors depend on the mandatory sentences, the new approach will require them to work a bit harder to convince judges to hand out long prison terms, keeping the bench as a check on the system, she said.

"Mandatory minimums provide prosecutors control over what the sentence is," Price said. "That whole setup has a problem with it."

And though Quarles expressed uneasiness in Hamby's case, Davis said he would have imposed a long sentence even if Crockett had not qualified for the 15-year minimum.

Ultimately, Patel said, despite Rosenstein's warnings, the legal challenges to lengthy sentences will not undermine the whole system. The 68 inmates who are mounting challenges represent a fraction of the 1,500 or so he said have received the enhanced sentences in Maryland.

"The statutes haven't changed, the courts were interpreting them wrong," he said. "The sky's not going to fall."

iduncan@baltsun.com

twitter.com/iduncan