IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff.*<br>v.<br><br>SAMUEL STERLING,<br><br>*Defendant.* | CRIMINAL NO.: ELH-12-0390 |

**MEMORANDUM**

Samuel Sterling has filed a "Motion For Issuance Of Subpoena For In Camera Review Of 'Any And All Information' Relating To The Dual Prosecution Agreement Between The United States Attorney's Office And Baltimore City State's Attorney's Office That Is Part Of Project Exile Or Baltimore Exile Program." ECF 51 (the "Motion"). Sterling attached several exhbiits to the Motion. The government opposes the Motion. ECF 52. Sterling has not filed a reply, and the time to do so has expired.

No hearing is necessary to resolve the Motion. For the reasons that follow, I shall deny the Motion.

**I. Background**

On July 18, 2012, Sterling was charged in a one-count Indictment with possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). ECF 1. Sterling entered a plea of guilty on December 17, 2012. ECF 21. In the Plea Agreement (ECF 22), the parties agreed that Sterling qualified as an Armed Career Criminal, pursuant to 18 U.S.C. § 924(e). *Id.* ¶ 6(b). Pursuant to the Plea Agreement, the plea was entered under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, with an agreed upon disposition of 180 months'

incarceration. *Id.* ¶ 8, 9. As noted in paragraph 3 of the Plea Agreement, addressing penalties, if the defendant qualified as an Armed Career Criminal, the offense carried a mandatory minimum term of imprisonment of 15 years, and a maximum sentence of life imprisonment.

In accordance with the C plea, on May 6, 2016, the Court imposed a sentence of incarceration of 180 months (15 years). ECF 28. Judgment was entered the next day, May 7, 2013. ECF 29; *see also* ECF 30.

Approximately two years later, on May 15, 2015, Sterling filed a pro se motion to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255. ECF 31 ("First Petition"). He supplemented his First Petition on May 26, 2015. ECF 33. In a Memorandum and Order of October 6, 2015 (ECF 35), I concluded that the First Petition was untimely filed. Therefore, pursuant to an Order of the same date (ECF 36), I dismissed the First Petition, without issuance of a Certificate of Appealability.

Sterling's Motion for Reconsideration followed on November 12, 2015. ECF 37. In that submission, Sterling added a challenge to his status as an Armed Career Criminal, based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id.* As to Sterling's *Johnson* claim, I construed the Motion for Reconsideration as another motion to vacate under 28 U.S.C. § 2255, and I instructed the Clerk to docket ECF 37 as a new motion to vacate. ECF 38. I also deemed it timely filed. *Id.*; *See* 28 U.S.C. § 2255(f)(1)(3). The new action ("Second Petition") was designated as ECF 40.

The government responded to ECF 40 on February 29, 2016. ECF 43. Mr. Sterling did not file a reply.

By Order dated April 26, 2016 (ECF 44), I asked the Office of the Federal Public Defender ("OFPD") to advise the Court as to whether it would represent Mr. Sterling in

connection with the Second Petition. By letter dated May 2, 2016 (ECF 35), the OFPD declined to represent Sterling. Thereafter, in an Amended Memorandum (ECF 49) and Amended Order (ECF 50) docketed June 7, 2016, I denied Sterling's Second Petition. I concluded, for the reasons stated in ECF 49, that Sterling was properly determined to be an Armed Career Criminal based on three prior, distinct, and qualifying felony drug offenses. A Certificate of Appealability was denied.

Then, on June 20, 2016, Sterling filed the Motion now at issue, seeking information relating to the Department of Justice's Project EXILE. Sterling seems to contend that he should have been allowed to plead guilty to a Maryland State firearms offense, rather than face prosecution in federal court (with a mandatory sentence).

## II. Discussion

Sterling is not entitled to the subpoena that is the subject of his Motion.

Rule 6 of the Rules Governing § 2255 Proceedings provides that the Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." However, Rule 1 provides that these rules "govern a motion filed in a United States district court under 28 U.S.C. § 2255." As indicated, Sterling's Second Petition under § 2255 was denied on June 7, 2015. Moreover, Sterling has no pending § 2255 motion, nor has he requested authorization to file a successive § 2255 motion. Accordingly, Sterling has no basis to request a subpoena from the Court pursuant to the Rules governing § 2255 proceedings.

Sterling fares no better under the Federal Rules of Criminal Procedure. Although Rule 17(c) of the Federal Rules provides for the issuance of subpoenas for the production of "books, papers, documents, data, or other objects the subpoena designates," Fed. R. Crim. P. 1 limits the

applicability of the Rules to "criminal proceedings in the United States district courts . . . ." To my knowledge, Sterling is not the subject of a pending criminal proceeding in this Court. Thus, there is no basis under the rule to request the issuance of a subpoena.

The government cites *In re Martin Marietta Corp.*, 856 F.2d 619 (4th Cir. 1988), to support is position. There, the Court said, *id.* at 621: "A party seeking pretrial production of documents must demonstrate (1) relevancy, (2) admissibility, and (3) specificity with respect to the documents." I agree with the government, which states, ECF 52 at 3: "Because there is no proceeding before the Court, the documents Sterling requests are neither relevant nor admissible."

## Conclusion

For the foregoing reasons, Sterling's Motion shall be DENIED. An Order follows.

Date:  August 3, 2016                              /s/
                                                   Ellen L. Hollander
                                                   United States District Judge