

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Clinton J. Fuchs*
*Assistant United States Attorney*
*Clinton.Fuchs@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4916*
*MAIN: 410-209-4800*
*FAX: 410-962-3124*

February 17, 2021

The Honorable Ellen L. Hollander
United States District Judge
U.S. Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

    Re:    <u>United States v. Samuel Sterling</u>
               Crim. No. ELH-12-0390

Dear Judge Hollander:

    I am writing to advise the Court that the government does not oppose the defendant's request for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

    In the case at hand the defendant was convicted of possessing a firearm after a prior felony conviction in violation of 18 U.S.C. § 922(g) and sentenced to 180 months imprisonment pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). The defendant is currently incarcerated at FCI Allenwood and has a projected release date of September 21, 2025. The defendant has been incarcerated since April 9, 2012, and so has already served approximately 2/3 of his sentence.

    The defendant presents at least one condition that places him at an elevated risk of developing severe illness from COVID-19 and several factors that might place him at an elevated risk. Although the offense of conviction is a serious one, and although Mr. Sterling possesses a lengthy criminal history, the Government notes that Mr. Sterling was not implicated in any acts of violence in the instant case and the majority of his prior convictions appear to be related to street-level drug trafficking.

    Therefore, given the length of time the defendant has already served, the facts of his own offense and the health issues he has identified, the government believes a sentence reduction is appropriate in this case.

    However, the government also believes that the Court should impose certain conditions on that release. First, the government requests a 14-day quarantine period and medical clearance prior to the release of the defendant. This quarantine will ensure that if the defendant becomes COVID-19 symptomatic, he would have medical treatment from his BOP facility immediately available. This quarantine will also prevent possible COVID-19 exposure to the community and specifically to the individuals with whom he plans to reside following release. Moreover, the 14-day period will allow BOP to conduct any appropriate transitional processing for the defendant.

In addition, the government believes that the granting of the motion should be contingent on the U.S. Probation Office reviewing the defendant's release plan and conducting appropriate pre-release investigation. I am sure the government and the defense would be available to provide Probation with whatever information they need for such an inquiry.

The government is available if the Court has any additional questions, and thanks the Court for its consideration of this request.

        Very truly yours,

        Jonathan F. Lenzner
        Acting United States Attorney

By: /s/
    Clinton Fuchs
    Assistant United States Attorney